UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| JOHHNY MORENO, § | |
| § | |
| Plaintiff § | |
| VS. § | CIVIL ACTION NO. 6:23-cv-00026 |
| § | |
| CITY OF VICTORIA, CITY OF § | JURY DEMAND |
| COUNCIL FOR CITY OF VICTORIA, § | |
| VICTORIA POLICE DEPARTMENT, § | |
| CHIEF ROBERTO ARRENDONDO, § | |
| OFFICER TRENTON BALLARD, § | |
| ROYALL HAYDEN ALLEN, ROGER J. § | |
| BALERIO, T. HERRARA, J. § | |
| SEPULVIDA, AND OFFICER JOSEPH § | |
| SMITH, § | |
| § | |
| Defendants. § | |

### DEFENDANTS CITY OF VICTORIA, COUNCIL FOR CITY OF VICTORIA, VICTORIA POLICE DEPARTMENT, J. SMITH, TRENTON BALLARD AND ROYALL ALLEN'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants City of Victoria, Council for City of Victoria, Victoria Police Department, J. Smith, Trenton Ballard and Royall Allen[1], collectively referred to herein as "Defendants", and files this their Original Answer to Plaintiff's Complaint, and in support thereof would respectfully show unto the Court as follows:

### ANSWER

1. Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Defendant denies each and every allegation contained in Plaintiff's Complaint except those allegations expressly admitted herein.

---

[1] Defendants Chief Roberto Arrendondo, Roger J. Balerio, J. Sepulveda and T. Herrera have not been served.

## I.   DISCOVERY CONTROL PLAN

2. No response is required to the Discovery Control Plan in Plaintiff's Complaint, however, to the extent a response is required Defendants deny the same.

## II.   PARTIES

3. No response is required to the identification of other Parties in paragraphs 2 - 11 of Plaintiff's Complaint, however, to the extent a response is required Defendants deny the same.

4. With regard to paragraphs 3 – 11 of Plaintiff's Complaint, Defendant City of Victoria admits it employed and Defendants admit they were employed by the City of Victoria as Police Officers at all times relevant to the incidents made the basis of this suit. Defendants deny the remainder of the allegations contained in said paragraphs of Plaintiff's Complaint.

## III.   JURISDICTION AND VENUE

5. With regard to paragraphs 12 - 14, since the case has been removed to this Court, the averments in paragraphs 12 – 14 are no longer applicable. Defendants admit this Court has jurisdiction to hear the appropriately plead alleged civil rights violations of Plaintiff. Defendants admit that venue is proper in the Southern District of Texas Victoria Division.

## IV.   FACTUAL AND BACKGROUND

*Fourteenth Amendment Due Process and Fourth Amendment Unreasonable Seizure*

6. With regard to paragraphs 15 – 24 of Plaintiff's Complaint, Defendants deny the averments made in those paragraphs.

## V.    CAUSES OF ACTION

*42 U.S.C. § 1983 Fourth and Fourteenth Amendments*

7.     With regard to paragraph 25 of Plaintiff's Complaint (which incorporates prior allegations as if fully set therein), Defendants assert their prior responses to each of the foregoing paragraphs in Plaintiff's Complaint.

8.     With regard to paragraphs 26 – 28 of Plaintiff's Complaint, Defendants deny the averments made in those paragraphs.

*Monell Claim*

9.     With regard to paragraph 29 of Plaintiff's Complaint (which incorporates prior allegations as if fully set therein), Defendants assert their prior responses to each of the foregoing paragraphs in Plaintiff's Complaint.

10.    With regard to paragraphs 30 – 40 of Plaintiff's Complaint, Defendants deny the averments made in those paragraphs.

*Failure to Train, Supervise and Discipline against the City of Victoria and its Chief of Police and City Council as policymakers*

11.    With regard to paragraphs 41 – 42 of Plaintiff's Complaint, Defendants deny the averments made in those paragraphs.

## VI.    DAMAGES

12.    With regard to paragraphs 43 – 46 of Plaintiff's Complaint, Defendants deny that they are liable to the Plaintiff under any legal or factual theory asserted and deny that the Plaintiff is entitled to any damages.

### VII.   ATTORNEYS FEES

13.   With regard to paragraph 47 of Plaintiff's Complaint, Defendants admit only that a prevailing party may be entitled to attorney's fees in a § 1983 lawsuit, but otherwise deny that the Plaintiff is entitled to damages from the Defendants.

### VIII.   REQUEST FOR DISCLOSURE

14.   With regard to paragraph 48, since the case has been removed to this Court, the averments in paragraphs 12 – 14 are no longer applicable.

### IX.   JURY DEMAND

15.   With regard to paragraph 49 of Plaintiff's Complaint, it is unnecessary for these Defendants to admit or deny the averment relating to a jury request.

### X.   TOLLING

16.   With regard to paragraph 50 of Plaintiff's Complaint, it is unnecessary for these Defendants to admit or deny the averment relating to tolling.

### XI.   PRAYER

17.   With regard to paragraph 51 of Plaintiff's Complaint, Defendants deny that they are liable to the Plaintiff under any legal or factual theory asserted and deny that the Plaintiff is entitled to any damages.

### AFFIRMATIVE DEFENSES

1.   The Defendants deny that Plaintiff's rights have been violated under the United States Constitution, or under any other statute or legal authority.

2.   The Defendants assert that no custom, practice, or policy of the City of Victoria, Council for City of Victoria or Victoria Police Department proximately caused injuries/damages

to Plaintiff. Therefore, Defendants City of Victoria, Council for City of Victoria or Victoria Police Department denies that *Monell* liability may be imposed against it.

3.  Defendants City of Victoria, Council for City of Victoria or Victoria Police Department assert that they have not implemented, adopted or executed an unconstitutional custom, policy, or practice that was the proximate or producing cause of any of the Plaintiff's alleged damages.

4.  Defendants J. Smith, Trenton Ballard and Royall Allen affirmatively plead that they at all times acted reasonably and in good faith in the execution of their duties and responsibilities and did not violate clearly established law, and, therefore, they are entitled to a dismissal of this case due to their reliance on and entitlement to qualified immunity.

5.  Defendants specifically deny that they acted knowingly, deliberately, indifferently, intentionally, maliciously, recklessly, or with wanton disregard in violation of Plaintiff's rights.

6.  Additionally, and/or in the alternative, the Defendants assert that the Plaintiff has failed to state a claim under 42 U.S.C. § 1983 for violation of Plaintiff's constitutional rights.

7.  Pursuant to *Kentucky v. Graham*, 473 U.S. 159 (1985), Defendants City of Victoria, Council for City of Victoria and Victoria Police Department assert the defense that exemplary damages are unavailable under § 1983 against a governmental entity.

9.  Additionally, and/or in the alternative, the Defendants assert that exemplary or punitive damages are not recoverable against them.

10. Additionally, and/or in the alternative, the Defendants assert the defense of lack of causation.

11. Additionally, and/or in the alternative, Defendants assert that it/they cannot be liable for the actions of any subordinate based on *respondent superior*.

12. Additionally, and/or in the alternative, to the extent that the Plaintiff attempts to seek the recovery of any medical expenses, the Defendants are entitled to an offset/credit similar to, and consistent with, the provisions of § 14.015 of the Texas Civil Practice & Remedies Code.

13. Additionally, and/or in the alternative, the Defendants assert that in the event the Plaintiff is entitled to recover any medical damages arising out of this lawsuit, the medical damages are limited to the reasonable value of medical services. *See* RESTATEMENT (SECOND) OF TORTS § 911, cmt. h (1979).

14. Additionally, and/or in the alternative, the Defendants assert that in the event they should prevail in this case they are entitled to recover costs, expenses, and attorney's fees expended herein.

15. Additionally, and/or in the alternative, the Defendants plead any appropriate requirements for the recovery of damages and punitive damages and any applicable damages caps.

16. Additionally, and/or in the alternative, and in the event the Plaintiff has or will seek exemplary damages, the Defendants assert the defense of the Due Process Clause of the Constitution of Texas and the United States, and the defenses to unreasonable exemplary damages set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell,* 123 S. Ct. 1513 (2003).

17. Additionally, and/or in the alternative, the Defendants assert that exemplary damages must be proven by clear and convincing evidence.

18. The Defendants plead that the Plaintiff is not entitled to any relief in this cause.

19. The Defendants further plead that all of J. Smith, Trenton Ballard and Royall Allen's conduct related to the alleged incident in question was reasonable under the circumstances.

20. Defendants plead the alleged injuries and damages, if any, of Plaintiff were proximately caused by the acts or conduct of third-parties for which Defendants cannot be held liable.

21. Defendants plead that Council for Council for City of Victoria and Victoria Police Department are not legal entities which can be sued. *See, e.g., Skyway Towers LLC v. City of San Antonio,* Civ. No. 5:14–CA–410–DAE, 2014 WL 3512837, at *5–6 (W.D.Tex. July 14, 2014). Under Texas law, a city is "allowed to designate whether one of its own subdivisions can be sued as an independent entity." *Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir.1991); *accord Motel 6 Operating, L.P. v. Gaston Cnty., N.C.,* 3:08–CV–00390–FDW, 2009 WL 1940499 (W.D.N.C. July 2, 2009) ("Political subdivisions of a state or local government have capacity only if the law creating them recognizes them as separate legal entities having capacity to sue or be sued." (citing 4 James Wm. Moore et al., *Moore's Federal Practice* ¶ 17.26 (3d ed.2009))). Council for City of Victoria and Victoria Police Department cannot engage in any litigation, except in concert with the City of Victoria because they are not their own separate and distinct corporate entity. *Darby*, 939 F.2d at 313-14. Therefore, Council for the City of Victoria and Victoria Police Department do not enjoy a separate legal existence from the City of Victoria, Texas and, as such, cannot be sued.

## JURY DEMANDED

22. Pursuant to Federal Rule of Civil Procedure 38(b), the Defendants demand a trial by jury on all issues so triable.

WHEREFORE, PREMISES CONSIDERED, Defendants City of Victoria, Council for City of Victoria, Victoria Police Department, J. Smith, Trenton Ballard and Royall Allen respectfully request that the Plaintiff takes nothing by his suit herein and that the Defendants be

awarded any and all expenses to which they are justly entitled, including attorney's fees, and that a judgment be entered accordingly by the Court.

Respectfully submitted,

CULLEN, CARSNER, SEERDEN & CULLEN, L.L.P.
119 South Main Street (77901)
Post Office Box 2938
Victoria, Texas 77902-2938
Tel: (361) 573-6318
Fax: (361) 573-2603

By: /s/ Casey T. Cullen
     Casey T. Cullen
     Southern District of Texas Bar No. 1130427
     **ATTORNEYS FOR DEFENDANTS DEFENDANTS CITY OF VICTORIA, COUNCIL FOR CITY OF VICTORIA, VICTORIA POLICE DEPARTMENT, J. SMITH, TRENTON BALLARD AND ROYALL ALLEN**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing pleading has been served on all counsel of record on this the 15th day of May, 2023 in accordance with the Federal Rules of Civil Procedure.

/s/ Casey T. Cullen
Casey T. Cullen