IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| JOHNNY MORENO, § | |
| *Plaintiff,* § | |
| § | Case. No. 6:23-cv-00026 |
| VS. § | |
| § | |
| CITY OF VICTORIA, ET AL. § | |
| *Defendants.* § | |

## MOTION FOR LEAVE TO AMEND A PLEADING PURSUANT TO RULE 15(A)

## TO THE HONORABLE JUDGE DAVID S. MORALES:

Plaintiff in the above-styled and numbered cause of action and make this his Motion for Leave to File First Amended Complaint against Defendants, City of Victoria, City Council for the City of Victoria, Chief Roberto Arredondo, Officer Trenton Ballard, Officer Royall Hayden Allen, Officer Roger J. Balerio, Officer T. Herrera, Officer J. Sepulveda and Officer Joseph Smith(collectively "Defendants"), and would respectfully show the Court as follows:

## ARGUMENTS AND AUTHORITIES

*Applicable Standard*

Federal Rule of Civil Procedure 15(a)(2) provides:

...[A] party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. Fed. R. Civ. Pro.

1

15(a)(2) (emphasis added). The Fifth Circuit has held that when a trial court examines a motion to amend a pleading pursuant to Rule 15(a) the court: should consider whether permitting the amendment would cause undue delay in the proceedings or undue prejudice to the nonmoving party, whether the movant is acting in bad faith or with a dilatory motive, or whether the movant has previously failed to cure deficiencies in his pleadings by prior amendments. The court may weigh in the movant's favor any prejudice that might arise from denial of leave to amend.

A district court must possess a "substantial reason" to deny a request for leave to amend.

*Id.* (quoting *Jamieson v. Shaw,* 772 F.2d 1205, 1208 (5th Cir. 1985)).

The court should consider judicial economy and whether the amendments would lead to expeditious disposition of the merits of the litigation.

Finally, the court should consider whether the amendment adds substance to the original allegations and whether it is germane to the original cause of action. *Chitimantha Tribe of Louisiana v. Harry L. Laws Co.,* 690 F.2d 1157, 1163 (5th Cir. 1982), cert. denied, 78 L.Ed.2d 83 (1983).

### *The Standard Should Be Applied Liberally*

The United States Supreme Court has held that the following standard should be employed when leave to amend is sought pursuant to Rule 15:

If the underlying facts or circumstances relied upon by plaintiffs may be a proper subject of

relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.' *Foman v. Davis*, 372 U.S. 178, 183, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) [emphasis added]. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

The Fifth Circuit has noted that Rule 15(a) "evinces a bias in favor of granting leave," *Jamison v. Shaw*, 772 F.2d 1205, 1208 K(5th Cir. 1985); *Chitimantha Tribe*, 690 F.2d at 113; *Summit Of Ice Park v. United States Steel Corp.*, 693 F.2d 1278, 1284 (5th Cir. 1981); *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 598 (5th Cir. 1981); *Carson v. Polley*, 689 F.2d 562, 564 (5th Cir. 1982). Accord VI Wright & Miller, Federal Practice and Procedure: Civil §§1473-74 (1971).

The Court has also stated that a district court should err on the side of allowing amendment, *Chitimantha,* 690 F.2d at 1163, because "the policy of the federal rule is to permit liberal amendment ..." *Dussouy,* 660 F.2d at 498.

Finally, the Fifth Circuit has held that: unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. *Dussouy,* 660 F.2d at 598.

*Need for Amended Complaint*

The need for the amended complaint is an addition of facts challenged by Defendants. Defendants defendants "plain language" of the Original Petition. While Plaintiffs believe that their State Court Original Petition meets the state law notice standard and states a plausible claim it does not conform to Federal standards. The challenge to stating plausible claims, Plaintiffs believe they can be more clear as to all defendants and what claims apply, not just Defendants. This will also enhance the general judicial economy.

This Motion for Leave has been made in the interest of justice to ensure that the Plaintiffs receive all the rights and remedies to which they are entitled under the current law and the reasonable and anticipated extension of that law and that the correct parties and evidence are included.

There is no prejudice to any party as new parties will not be added and discovery has not been commenced. Therefore, Plaintiffs move for this Court to grant this Motion. The deadline to file amended pleading is February 16, 2024.

**PRAYER**

Plaintiff respectfully prays that this Court grant Plaintiffs' Opposed Motion for Leave and give them leave to file Plaintiff's Amended Complaint [Ex. A] and give them such other and further relief, general and special, at law and at equity, to which they are justly entitled. The Defendants file an answer that comports to federal standards and that upon a final

hearing of this cause, that judgment is entered for Plaintiff and against Defendants for all damages requested herein, together with prejudgment and post-judgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which Plaintiff may possibly be entitled at law or in equity.

                                  Respectfully submitted,

                                  */s/ U.A. Lewis     .*
U.A. Lewis
Texas Bar No. 24076511
The Lewis Law Group
P.O. Box 27353
Houston, TX 77227
T: (713) 570-6555
F: (713) 581-1017
myattorneyatlaw@gmail.com
Lead Attorney for Plaintiff