United States Courts
Southern District of Texas
FILED
April 15, 2024
Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **JOHNNY MORENO,** *Plaintiff,* | § § | |
| | § | **Case. No. 6:23-cv-00026** |
| **VS.** | § | **Jury Demanded** |
| | § | |
| **CITY OF VICTORIA, ET AL.** *Defendants.* | § § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE DAVID S. MORALES:**

Plaintiff, Johnny Moreno ("Plaintiff ") files this First Amended Complaint against Defendants, Officer Trenton Ballard, Officer Royall Hayden Allen, Officer Roger J. Balerio, Officer T. Herrera, and Officer J. Sepulveda (collectively "Defendants"), and in support thereof show as follows:

**PARTIES**

1. Plaintiff, Johnny Moreno, is an individual residing in Victoria, Texas.

2. Defendant, Officer Trenton Ballard is an individual who may be served with a citation at his place of employment, Victoria Police Department, 306 S Bridge St Victoria, TX 77901, or wherever he may be found.

3. Officer Trenton Ballard is being sued in his individual capacity and at all times relevant to this case acted under the color of state law.

4. Defendant, Officer Royall Hayden Allen is an individual who may be served with a citation at his place of employment, Victoria Police Department, 306 S Bridge St Victoria, 2 TX 77901, or wherever he may be found.

5. Officer Royal Hayden Allen is being sued in his individual capacity and at all times relevant to this case acted under the color of state law.

6. Defendant, Officer Roger J. Balerio is an individual who may be served with a citation at his place of employment, Victoria Police Department, 306 S Bridge St Victoria, TX 77901, or wherever he may be found.

7. Officer Roger J. Balerio is being sued in his individual capacity and at all times relevant to this case acted under the color of state law.

8. Defendant, J. Sepulvida, is an individual who may be served with a citation at his place of employment, Victoria Police Department, 306 S Bridge St Victoria, TX 77901, or wherever he may be found.

9. Officer J. Sepulvida is being sued in his individual capacity and at all times relevant to this case acted under the color of state law.

10. Defendant T. Herrera, is an individual who may be served with a citation at his place of employment, Victoria Police Department, 306 S Bridge St Victoria, TX 77901, or wherever he may be found.

11. Officer T. Herrera is being sued in his individual capacity and at all times relevant to this case acted under the color of state law.

## JURISDICTION AND VENUE

12. This Court has jurisdiction original jurisdiction pursuant to 28 U.S.C § 1343 (a)(3) and Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367. The venue is proper in Victoria County, Texas, because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Victoria County, in the Southern District of Texas.

## FACTUAL BACKGROUND

13. This suit arises from the excessive use of force and wrongful detention by Ballard, Allen, and Balerio against Mr. Moreno.

14. On April 20, 2021, Mr. Moreno was helping his wife, Jennifer Sandejo, who was having a panic attack. Mr. Moreno was trying to help Ms. Sandejo to calm down and make sure she was okay. She was having a panic attack due to unrelated circumstances that occurred weeks before this encounter.

15. Mr. Moreno has been the only one looking out for her welfare and trying to protect her from the confrontations with two men. Mr. Moreno expected law enforcement to look for and question the men but they did not.

16. Mr. Moreno took the initiative to contact the police, although, regrettably, the expected questioning of the men did not occur by the authorities.

17. Officer Ballard and Officer Balerio approached Mr. Moreno as he was exiting the vehicle and immediately placed his hands behind his back to allow the officers to place him in restraints without resistance.

18. Mr. Moreno made no attempts to resist the arrest and was not a threat of harm to the officers or others around him.

19. While Mr. Moreno was already in the Patrol Unit, Officer Allan joined Balerio and pulled him towards the squad car, and slammed against the car, then threw Mr. Moreno on the ground.

20. He landed on his neck area. The ground further struck his upper right chest and shoulder area. Once on the ground he immediately began to feel pain in his neck, his arm

went numb, fingers began to tingle. He believed the officers broke his neck due to his severe pain and inability to move his neck.

21. Mr. Moreno was never a threat of harm to the officers or anyone else to warrant the unreasonable use of force against him.

22. Supervisors, Ballard failed to conduct a proper investigation into the allegations made against Mr. Moreno.

23. No officer acted to prevent the harm against Mr. Moreno although there was a reasonable opportunity, as Ballard Herrera, and Sepulveda all were gathered around Mr. Moreno when Balerio and Allen slammed to the ground and placed their upper body weight on his neck.

24. Each is trained to act quickly, to prevent harm to themselves, and others, including harm at the hands of other officers, but no officer intervened to prevent the harm Mr. Moreno suffered. Each was aware that their fellow officer was violating Mr. Moreno's constitutional rights.

25. He begged for medical assistance. EMS arrived but were aggressive and unhelpful to him, he did not feel safe, and he elected to have his girlfriend take him to the emergency room instead.

26. Mr. Moreno presented to the hospital with his left ear bleeding and severe neck pain After imaging and testing it was later determined that the officers fractured Mr. Moreno's neck, C-6. He was admitted but had to be transported to another hospital for surgery.

## CLAIMS

### 42 U.S.C. § 1983 Fourth and Fourteenth Amendments

27. Plaintiff incorporates by reference all preceding paragraphs contained herein. Defendants Ballard, Allen, and Balerio are liable for Mr. Moreno for violating his Fourth Amendment Constitutional right to be free from unreasonable seizure, pursuant to 42 U.S.C. § 1983 and failing to intervene to prevent the unconstitutional violations but instead join in on the unconstitutional conduct.

28. Defendants Ballard, Allen, and Balerio violated Mr. Moreno's clearly established constitutional rights and their conduct of grabbing Mr. Moreno and slamming him to the ground was objectively unreasonable in light of clearly established law at the time of the relevant incident, as state actors, while acting under the color of state law.

29. Additionally, Officers Herrera and Sepulvida watched while the unconstitutional use of force occurred by the other officers. The defendants acted objectively unreasonable in light of clearly established law. The defendants Herrera and Sepulvida did nothing to intervene although they had the opportunity when Ballard first grabbed Mr. Moreno, and as Allen and Belerio joined in and slammed Mr. Moreno to the ground causing his neck fracture.

30. The detaining officers wrongfully detained Mr. Moreno acting objectively unreasonable in light of clearly established law. There was no basis to detain Mr. Moreno for the investigation of any crime. Mr. Moreno was subject to the unlawful use of force and unlawful seizure.

31. VPD officers, Ballard, Allen and Balerio, state actors, malicious, wanton, reckless, and deliberately indifferent conduct violated Mr. Moreno's civil rights under the color of state law through an unreasonable seizure and retaliation against him for exercising his First Amendment right to protest his unlawful detention.

32. No probable cause existed to detain Mr. Moreno nor did the officers conduct a proper investigation or gather any evidence to effectuate the detainment, due to their ultra vires acts.

33. Ballard, Allen, and Balerio violated Mr. Moreno's right to due process when he was detained for no reason.

34. Mr. Moreno had not committed a crime nor had he been a threat of harm to the officers or anyone else when Ballard, Allen, and Balerio began to detain him.

35. This unlawful detain was a gross violation of Mr. Moreno's right to not have his liberty deprived without due process.

*Delay in Medical Care*

36. The defendants' actions caused severe injury to Mr. Moreno, yet no officer on the scene provided any first aid medical care that was a direct result of their actions and witnessed.

37. Officers failed to provide the required adequate medical care and not meet the need for medical care with deliberate indifference evidenced by the handcuffing prior to providing aid although there was no probable cause or even reasonable suspicion that Mr. Moreno

committed a crime. EMS was called then canceled and another unit was called. The EMS tech was aggressive towards Mr. Moreno also, so he declined medical assistance out of fear.

38. The officers' ignoring the medical needs of Mr. Morano violated his constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution

## DAMAGES

39. Mr. Moreno continues to suffer ongoing emotional distress, with significant PTSD symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares, and flashbacks.

40. Plaintiff seeks all damages allowed by law as a result of the aforementioned forming the basis for each of his causes of action. Plaintiff requests damages within the jurisdictional limits of the Court including:

a. Physical pain and mental anguish;

b. Loss of earning capacity and lost wages;

c. Disfigurement;

d. Physical impairment;

e. Medical care expenses;

f. Out-of-pocket economic losses.

g. other expenses related to the detention and/or prosecution of Johnny Moreno; and

h. exemplary/punitive damages based on the malicious conduct described herein.

i. Plaintiff's reasonable and necessary attorneys' fees;

j. Costs of court;

k. Pre-judgment and post-judgment interest at the highest rates allowable by law; and

l. For such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself entitled.

41. The damages sustained by Plaintiff were proximately caused by the Defendants as set forth herein.

42. Plaintiff respectfully requests the Court and jury to determine the amount of the loss Plaintiff has incurred in the past and will incur in the future.

43. There are certain elements of damages provided by law that Plaintiff is entitled to have the jury in this case separately consider determining the sum of money for each element that will fairly and reasonably compensate Plaintiff.

## ATTORNEYS FEES

44. After prevailing herein, Plaintiff is entitled to recover reasonable and necessary attorney's fees and costs to enforce his constitutional rights under 42 U.S.C. § 1983 and 1988 from each Defendant.

## PRAYER

45. Plaintiff prays that he has a judgment against Defendants for actual damages shown and proven at trial, for prejudgment, post-judgment interest, for costs of court and for all other relief, legal and equitable, to which he is entitled.

Respectfully submitted,

THE LEWIS LAW GROUP PLLC
By: /s/U.A. LEWIS
U.A. LEWIS
Federal Bar ID No. 1645666
State Bar No. 24076511
P.O. BOX 27353
HOUSTON, TX 77227
Phone: (713) 570-6555

Fax: (713) 581-1017
Myattorneyatlaw@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and the foregoing document has been sent to all known counsel by e-service/ECF, first class mail, electronic mail, telecopy, hand delivery, and/or certified mail, return receipt requested on all parties of record who have made an appearance in this case on the date of this filing April 12, 2024.

/s/ U.A. Lewis

U.A. Lewis