**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **JOHHNY MORENO,** | § | |
| **Plaintiff** | § | |
| **VS.** | § | **CIVIL ACTION NO. 6:23-cv-00026** |
| **CITY OF VICTORIA, ET AL.** | § | **JURY DEMAND** |
| **Defendants.** | § | |

**AFFIDAVIT OF ROYALL ALLEN**

THE STATE OF TEXAS §
COUNTY OF VICTORIA §

BEFORE ME, the undersigned authority, on this day personally appeared ROYALL ALLEN, who having by me been duly sworn, stated as follows:

"My name is Royall Allen. I am over the age of eighteen (18) years, of sound mind, have never been convicted of a felony or a crime involving moral turpitude and am otherwise competent to make this affidavit and have personal knowledge of the facts stated herein.

I am a police officer with the City of Victoria Police Department and became commissioned with the department on June 25, 2018. I currently work full time as a detective for the Victoria Police Department. I received my Texas Peace Officer's License on June 24, 2019.

On April 20, 2021, I worked for the Victoria Police Department and was on patrol. On that day at approximately 1710 hours, I responded to 4102 N Navarro St. in reference to a disturbance. While enroute I was advised by VPD dispatch that the offender was a Hispanic male in a white wife beater shirt. Officer Balerio and Officer Ballard advised they were behind the vehicle at Fillmore/Navarro St with the offender and potential victim. While pulling up on scene, I observed the Hispanic male jump out of the passenger seat of the vehicle and put his hands behind his back. While walking up on scene I could hear the male tell the other officers to go ahead and put him in handcuffs.

Around this time, Officer Smith began to speak with the driver, Jennifer Sendejo. I began to walk to the other officers while Officer Smith spoke to Ms. Sendejo.

I observed Officer Ballard was walking the Hispanic male, who was later identified as Johnny Moreno, back to his marked patrol unit. While Officer Ballard was walking Mr. Moreno back to his unit, Mr. Moreno pulled away from Officer Ballard. I then assisted to gain control and compliance from Mr. Moreno and held onto Mr. Moreno's left wrist and attempted to walk him back to the unit. While walking him to the vehicle, Mr. Moreno stopped. I had to pull Mr. Moreno to get him back to the unit. In doing so, I used the least amount of force necessary to do so. Right before placing Mr. Moreno's chest on the unit, he spun out of our control. I then pulled Mr. Moreno and placed him against the marked unit. Mr. Moreno attempted to push off of the unit. Due to Mr. Moreno's resisting behavior, I placed my arm underneath his arm and grabbed his shoulder, lifting his arms up to gain compliance. Mr. Moreno continued to resist by trying to pull away from the officers. As such, Mr. Moreno was pulled to the grassy ground next to the patrol vehicle.

Once on the ground, Mr. Moreno advised that he was now in pain and requested EMS. EMS was immediately requested. I stood by until EMS arrived on scene. Once on the scene, EMS attempted to access Mr. Moreno, but he refused treatment.

Due to the fact that Mr. Moreno was only detained for questioning regarding the alleged assault of Ms. Sendejo and that Ms. Sendejo advised that it was only a verbal argument, Mr. Moreno was released. After being released, he stood up and eventually walked back to the passenger side of the vehicle.

Once he was seated in the vehicle, I spoke to Mr. Moreno because I had prior contacts with him. I asked why he acted the way he did. He advised that he had to put on a show due to the possibility of offenders from Ms. Sendejo's sexual assault case being in the area. Mr. Moreno expressed that he didn`t want them to think he was cooperating with the police. I advised Mr. Moreno that if they felt in fear while at their residence to not hesitate to call us.

Based on my law enforcement knowledge, training and experience, a reasonable similarly situated law enforcement officer standing in my, Officer Ballard and Officer Balerio, could draw the conclusion that my, as well as Officer Ballard and Officer Balerio's actions were objectively reasonable, did not violate Mr. Moreno's constitutional rights and did not violate clearly established law.

I have watched the video provided in Exhibits 5, 6 & 7 to Defendants' Motion for Summary Judgment Based on Qualified Immunity and they are true and correct copies of the recording of the incident Plaintiff Johnny Moreno complains of as recorded by my body worn camera.

Lastly, at no time during the incident with Mr. Moreno was Officer Taylor Herrera involved.

Royall Allen

SWORN TO AND SUBSCRIBED before me on this the 13 day of June, 2024.

Notary Public in and for State of Texas

RHONDA R GARZA
Notary Public, State of Texas
Comm. Expires 07-18-2027
Notary ID 743033-6