**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **JOHHNY MORENO,** | § | |
| | § | |
| **Plaintiff** | § | |
| **VS.** | § | **CIVIL ACTION NO. 6:23-cv-00026** |
| | § | |
| **CITY OF VICTORIA, ET AL.** | § | **JURY DEMAND** |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SUMMARY JUDGMENT EVIDENCE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants, Trenton Ballard, Royall Allen, Roger Belario and Taylor Herrera, and file this, their Responses to Plaintiff's Objections to Defendants' Summary Judgment Evidence, and in support hereof would show the Court as follows:

## I. Affidavits of the Officers

1. Plaintiff objects to the Affidavit of Officer Ballard (Ex. 13), Affidavit of Officer Allen (Ex. 14) and Affidavit of Officer Balerio (Ex. 15) as follows: "Hearsay, no personal knowledge to statements offered in the affidavit". This is all Plaintiff provides for each objection. Plaintiff does not state which portion or statements contained in the Affidavits he is objecting to or give any detail to support his general boilerplate objection. General or boilerplate objections are invalid. Furthermore, even if the objection was valid, it should be overruled because the Affidavits are all based on each officers' personal knowledge in responding to the 911 call involving Plaintiff beating a female. Also, the statements in the Affidavits are also corroborated by the audio and video recordings of the Officers. Therefore, Plaintiff's objections to the Affidavit of Officer Ballard, Affidavit of Officer Allen and Affidavit of Officer Balerio should be overruled.

## II. 911 Call to Dispatch for Incident

2. Plaintiff objects to the 911 call recording (Ex. 12) on the basis of relevance. Plaintiff simply states "Relevance" as his objection and provides no further explanation. Again, General or boilerplate objections are invalid. Furthermore, to the extent the objection is found to be valid, it should still be overruled because the 911 recording is relevant to the totality of the circumstances in which the Officers were responding to the incident. This is the knowledge that the Officers had prior to arriving on the scene and making contact with Plaintiff and Ms. Sendejo. As the Supreme Court has made very clear that use of force is analyzed from the perspective of a reasonable officer on the scene, not the subjective viewpoint of the person upon whom force was used. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). Thus, the Officers' knowledge of the situation to which they were responding to is certainly relevant when analyzing their conduct in light of the totality of the circumstances.

## III. Prayer

WHEREFORE, PREMISES CONSIDERED, Defendants, Trenton Ballard, Royall Allen, Roger Belario and Taylor Herrera, pray that the Court OVERRULE Plaintiff's objections to their summary judgment evidence in all other respects, as well as that the Court grant them such other and further relief to which they may be justly entitled.

Respectfully submitted,

CULLEN, CARSNER, SEERDEN & CULLEN, L.L.P.
119 South Main Street (77901)
Post Office Box 2938
Victoria, Texas 77902-2938
Tel: (361) 573-6318
Fax: (361) 573-2603

By: /s/ Casey T. Cullen
Casey T. Cullen
Southern District of Texas Bar No. 1130427
**ATTORNEYS FOR DEFENDANTS DEFENDANTS TRENTON BALLARD, ROYALL ALLEN, ROGER BELARIO AND TAYLOR HERRERA**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing pleading has been served on all counsel of record on this the 19th day of July, 2024 via ECF electronic notice in compliance with Rule 5 of the Federal Rules of Civil Procedure and paragraph 9 of the Southern District of Texas's Administrative Procedures for Electronic Filing in Civil and Criminal Cases by notice of Electronic Filing in accordance with the Federal Rules of Civil Procedure.

/s/ Casey T. Cullen
Casey T. Cullen